UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: APPOINTMENT OF FEDERAL COMMUNITY DEFENDER – ALEX CASTRO | 2:19-MC-50842 |

## ORDER OF APPOINTMENT OF SECOND COUNSEL

Counsel has been appointed to represent Alex Castro pre-indictment under the Criminal Justice Act. He has exposure to being charge with an offense for which an authorized punishment is death.

Where a defendant has been indicted in a death-eligible case, he or she is entitled to the appointment of two attorneys, at least one of whom is "learned in the law applicable to capital cases." 18 U.S.C. § 3005. The statute does not mandate the appointment of learned counsel pre-indictment, nor does the Sixth Amendment require that a defendant be provided with counsel in pre-indictment plea negotiations. *See United*

*States v. Moody*, 206 F.3d 609 (6th Cir. 2000), citing *United States v. Gouveia*, 467 U.S. 180 (1984)(establishing a bright line rule that the Sixth Amendment right to counsel does not attach until the initiation of adversary judicial proceedings).

However, while neither the statute nor the Constitution *requires* the appointment of counsel before the initiation of formal charges, the Court nevertheless retains the discretion to appoint counsel pre-indictment in appropriate cases, in the interests of justice. Indeed, this district's decision to do so in numerous non-capital cases has been uncontroversial, and CJA counsel has been appointed in this case. Given the complexities of capital cases, including the formal authorization process adopted by the Department of Justice and the necessary presentation to the Justice Department and to the local United States Attorney of factors that would militate against a death sentence, pre-indictment appointment of learned counsel to assist in, for example, preliminary mitigation investigation, would be of immense benefit to not only the defendant but to the government and the Court. In a declaration submitted to this Court, Kevin McNally, director of the Federal Death Penalty Resource Counsel Project, frames the issue this way:

"Delay in appointment of learned counsel risks missing this important opportunity to avoid the high cost of a capital prosecution. since an early decision not to seek death is the least costly way to resolve a potential capital charge, a prompt preliminary mitigation investigation leading to effective advocacy with the local U.S. Attorney and with the Justice Department is critical both to a defendant's interests and to sound fiscal management of public funds. And, since the local prosecutor's recommendation nearly always prevails with the Attorney general, the opportunity to persuade the U.S. Attorney not to request capital authorization is extremely important."

Although in *Moody*, the Sixth Circuit declined to *require* the pre-indictment appointment of counsel based on Supreme Court precedent, the Court felt constrained to add that "logic, justice, and fundamental fairness favor" the position that counsel should be appointed before formal charges are brought. 206 F.3d at 615. And in his concurring opinion in *Moody*, 206 F.3d at 618, Judge Wiseman stated:

"The criminal justice system has and is changing so that defendants now face critical stages of their prosecutions prior to indictment. The Sixth Amendment's underlying purpose is to protect defendants in critical stages of their prosecution. Thus, the Sixth Amendment should guarantee the right to counsel during preindictment plea negotiations. Precedent, however, prevents me from endorsing this position which logic demands."

If, as the Sixth Circuit has thus recognized, the pre-indictment appointment of counsel in a non-capital case serves important interests,

then similar appointment of learned counsel in a potential capital case is all the more important. And again, while the Sixth Amendment, the Criminal Justice Act, and 18 U.S.C. § 3005 establish when and when not counsel *must* be appointed, nothing in those provisions, or in the case law interpreting those provisions, circumscribes or restrains the Court's discretion to appoint counsel in an appropriate case in the interests of justice. I will therefore appoint second, learned counsel to represent Mr. Castro preindictment.

Attorney Nathan Chambers has been represented to this Court by the Federal Defender Office of Detroit to possess the learning and experience required by 18 U.S.C. § 3005. Accordingly,

IT IS ORDERED that attorney Nathan Chambers, 303 16th Street, Suite 200, Denver, CO, 80202, telephone number (303) 825-2222, be appointed to represent Alex Castro in this case at the prevailing hourly rate. *See* Vol. 7, Chapter 6, Guide to Judiciary Policies and Procedures, § 630.10.10.

Attorney Chambers is not yet a member of the bar in the Eastern District of Michigan, and is directed to complete the attorney admission process and file a formal appearance as soon as practicable. Information

regarding attorney admission is available on this court's website: www.mied.uscourts.gov. Additional questions regarding attorney admission should be directed to the Clerk's Office at (313) 234-5000.

This Order is *nunc pro tunc* June 10, 2019.


/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 3, 2019